**BROWN & CONNERY, LLP**
By: Shawn C. Huber, Esquire
shuber@brownconnery.com
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108
(856) 854-8900
**Attorneys for Plaintiff,**
**Michelle Wyman**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHELLE WYMAN,<br><br>Plaintiff,<br><br>v.<br><br>HY-POINT DAIRY FARMS, INC. and KENNETH G. WHITE, JR., jointly, severally, and in the alternative,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

Plaintiff, Michelle Wyman, residing at 310 Swarthmore Road, Glassboro, Gloucester County, New Jersey 08028, by way of complaint against defendants, says:

**PARTIES**

1. Plaintiff resides at 310 Swarthmore Road, Glassboro, Gloucester County, New Jersey 08028.

2. Defendant Hy-Point Dairy Farms, Inc. ("Hy-Point") is a corporation incorporated under the laws of Delaware with its principal place of business located at 425 Beaver Valley Road, Wilmington, Delaware 19803.

3. Defendant Kenneth G. White, Jr. is an employee of defendant Hy-Point and resides at 218 Milhollan Drive, Elkton, Maryland 21921.

## JURISDICTION and VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it involves citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue in this District is founded upon 28 U.S.C. § 1391(a) since this incident occurred in this District and defendant Hy-Point engages in business in this District.

## FACTUAL BACKGROUND

6. On or about November 29, 2012, at approximately 11 a.m., plaintiff was a pedestrian standing on the sidewalk near the crosswalk on N. Broad Street at its intersection with Cooper Street in Woodbury, Gloucester County, New Jersey, waiting to cross N. Broad Street.

7. After waiting for the light to turn "green" for traffic on Cooper Street and for the pedestrian sign on N. Broad Street to illuminate "walk," plaintiff stepped off the sidewalk and entered the crosswalk, when suddenly and without warning, defendant White, who was driving a truck during the course of his employment with defendant Hy-Point, turned right from Cooper Street onto N. Broad Street and hit plaintiff, thereby causing

severe injuries to plaintiff, now 43, including, but not limited to, massive degloving injury to her left foot and amputation of half of her left foot and atraumatic arthrotomy to her right ankle.

**FIRST COUNT**

**Negligence**

8. Plaintiff hereby incorporates by reference the previous allegations of the complaint as if set forth at length here.

9. On the aforementioned date and time, the truck being driven by defendant White was owned by defendant Hy-Point.

10. On the aforementioned date and time, defendant White was driving as the agent or employee of, on the business of, in the course of employment with, and/or with the knowledge, authorization, and permission of, defendant Hy-Point.

11. On the aforementioned date and time, defendant White was negligent and careless in not looking for pedestrians in the crosswalk; in failing to stop and in hitting plaintiff in the crosswalk; in driving at an excessive rate of speed under the conditions and circumstances; in failing to yield to plaintiff; in failing to keep his truck under proper control; in failing to properly apply his truck's brakes; in failing to be properly alert for traffic conditions then and there existing; in failing to make proper observations; in operating his truck in a careless manner; in violating the Motor Vehicle and Traffic Laws of the

State of New Jersey; and this defendant was otherwise negligent and careless.

12. As a direct and proximate result of the aforementioned negligence and carelessness of defendant White, plaintiff sustained injuries and damages, both economic and non-economic; suffered pain, shock, fright, and mental and emotional distress; was prevented from attending her business; suffered loss of enjoyment of life; and has been, and in the future will be, required to be treated by physicians and surgeons and other help in an attempt to cure herself of her injuries.

13. Defendant Hy-Point is vicariously liable as the owner of the referenced truck being driven by defendant White for the aforementioned negligent and careless acts of its agent and/or employee and/or under the principles of respondeat superior.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly, severally, and in the alternative, for such sum as would reasonably and properly compensate her, together with interest and costs of suit.

**SECOND COUNT**

**Negligent Entrustment, etc.**

14. Plaintiff hereby incorporates by reference the previous allegations of the complaint as if set forth at length here.

15. Prior to the aforementioned date and time, defendant Hy-Point negligently and carelessly permitted, entrusted, and

gave its unconditional consent to its employee, agent, servant, and/or representative, i.e., defendant White, to drive its referenced truck, which resulted in the crash heretofore described.

16. Prior to the aforementioned date and time, defendant Hy-Point was negligent and careless in failing to ascertain the driving capability of defendant White; in failing to exercise reasonable care; in permitting defendant White to drive its truck inasmuch as it knew or should have known that defendant White was an irresponsible driver who was likely to cause harm to others; in failing to provide defendant White with adequate supervision necessary to have prevented the aforesaid negligent and careless conduct; in failing to otherwise supervise or prevent defendant White from the negligent and careless use of its truck; in failing to exercise reasonable care in hiring, training, and retaining defendant White; and this defendant was otherwise negligent and careless.

17. As a direct and proximate result of the aforementioned negligence and carelessness of defendant Hy-Point and the crash caused thereby, plaintiff sustained injuries and damages, both economic and non-economic; suffered pain, shock, fright, and mental and emotional distress; was prevented from attending her business; suffered loss of enjoyment of life; and has been, and in the future will be, required to be treated by physicians and

surgeons and other help in an attempt to cure herself of her injuries.

**WHEREFORE**, plaintiff demands judgment against defendant Hy-Point for such sum as would reasonably and properly compensate her, together with interest and costs of suit.

**BROWN & CONNERY, LLP**
Attorneys for Plaintiff

Dated: January 28, 2014

By: s/ Shawn C. Huber
Shawn C. Huber

**DEMAND FOR JURY TRIAL**

**PLEASE TAKE NOTICE** that plaintiff hereby demands a trial by jury as to all issues, pursuant to Fed. R. Civ. P. 38(b) and L.Civ.R. 38.1.

**BROWN & CONNERY, LLP**
Attorneys for Plaintiff

Dated: January 28, 2014

By: s/ Shawn C. Huber
Shawn C. Huber

**CERTIFICATION**

The undersigned certifies pursuant to Fed. R. Civ. P. 11 and L.Civ.R. 11.2 that to the best of his knowledge, the within matter in controversy is not the subject of another action pending in any court, nor of any pending arbitration or administrative proceeding.

**BROWN & CONNERY, LLP**
Attorneys for Plaintiff

Dated: January 28, 2014

By: s/ Shawn C. Huber
Shawn C. Huber